IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

**HUNTINGTON DIVISION**

NICHOLAS EVANS,

     Plaintiff,

v.           CIVIL ACTION NO.   3:13-5316

CITY OF HUNTINGTON and
JOSEPH W. KOHER in both his personal
capacity and his official capacity as an
officer of the Huntington Police Department.

     Defendants.

**MEMORANDUM OPINION AND ORDER**

   Pending before the Court are numerous motions in limine.   On January 12, 2015, the

Court heard brief argument on several, but not all, of the pending motions.   The Court now rules

as follows:

(1)  Defendants' Motion to Preclude Documents Obtained from the Morehead, KY Police
Department (ECF No. 85) is **GRANTED**.   Under West Virginia law, sustaining a
negligent hiring claim requires a showing that the employer failed to conduct a
reasonable investigation into the background of the employee relative to the job that
employee was hired for and potential risk of harm or injury flowing therefrom. *State ex
rel. W. Virginia State Police v. Taylor*, 499 S.E.2d 283, 289 (W.Va. 1997).   The
evidence at issue here concerns Officer Koher's dismissal from the Morehead Police
Department after a failure to obey a direct order during his probationary period in 2002.
In contrast, the conduct at issue in this case is not at all related to insubordination, but
rather allegations of an individual act of bad judgment, potentially involving
dishonesty and excessive use of force.   Given the dissimilarity between the conduct at
issue and the passage of over ten years, records from the Morehead Police Department
would not have made the conduct at issue here reasonably foreseeable.   What limited
probative value may be gained from such documents is substantially outweighed by
their prejudicial effects, and such evidence is therefore inadmissible.

(2)  Defendants' Motion to Preclude Documents Obtained from the Ashland, KY Police
Department (ECF No. 83) is **GRANTED**.   Because Officer Koher's conduct while

employed by the Morehead, KY Police Department was not sufficiently similar to the conduct at issue here and was so removed in time, the availability of reports of such conduct and reactions thereto by other police departments are irrelevant.   Such evidence would unfairly bias and prejudice the jury.

(3)     Plaintiff's Motion to Preclude Defendants from Introducing BAC Evidence (ECF No. 87) is **GRANTED**.   The propriety of Plaintiff's arrest is not at issue in this case. Instead, Plaintiff challenges Officer Koher's claimed basis for pulling him over and Officer Koher's use of force.   "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham v. Connor*, 490 U.S. 386, 396 (1989).   Here, evidence of Plaintiff's BAC taken well after the events at issue would inject the benefit of 20/20 hindsight into the jury's deliberations.   Instead, the parties are limited to introducing Plaintiff's admissions of alcohol consumption and Officer Koher's observations related to Plaintiff's condition at the time he was pulled over.

(4)     Defendants' Motion in Limine to Preclude Michael Graham from Testifying (ECF No. 84) is **DENIED** as moot, based on representations made to the Court during the January 12, 2015 Pre-Trial Hearing.

(5)     Plaintiff's Motion in Limine to Exclude Certain Opinions of Defense Expert Samuel Faulkner (ECF No. 88) is **DENIED** as moot, based on representations made to the Court during the January 12, 2015 Pre-Trail Hearing.

(6)     Defendants' Motion to Exclude Evidence, Testimony, or Reference to Other Lawsuits or Complaints, Including Use of Force Reports or Investigations (ECF No. 95) is **GRANTED**, in part, and **DENIED**, in part.[1]   Insofar as Plaintiff would intend to use such evidence as anticipated by Defendants, i.e., as "propensity" evidence introduced in relation to Plaintiff's claims against Officer Koher, the Court agrees that such evidence would be inadmissible.   However, it is conceivable that alternative purposes for admission could be argued by Plaintiff with respect to his municipal liability claims, e.g., negligent failure to train and supervise.

(7)     Defendants' Motion to Preclude Plaintiff from Referencing Polygraph Tests, Results, Information Learned Therefrom and Incidences of Misconduct by Officer Koher Committed Prior to Becoming a Law Enforcement Officer (ECF No. 96) is **GRANTED**.[2]   Insofar as Plaintiff would intend to use such evidence as anticipated by Defendants, the Court agrees that the limited probative value of such evidence is substantially outweighed by its prejudicial effect.

---

[1] Plaintiff has not filed a response related to this motion.
[2] Plaintiff has not filed a response related to this motion.

(8)    Defendants' Motion to Exclude Plaintiff's Anticipated Offer of 404(b) Testimony (ECF No. 101) is **GRANTED**.[3]   Insofar as Plaintiff would intend to use such evidence as anticipated by Defendants, the Court agrees with Defendant that the evidence is inadmissible under Rule 404(b) and further would not aid the trier of fact in determining whether Officer Koher's conduct was objectively reasonable.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:          April 10, 2015

ROBERT C. CHAMBERS, CHIEF JUDGE

---

[3] Plaintiff has not filed a response related to this motion.